

David S. Osterman | Partner
Direct 609.986.1310 | dosterman@goldbergsegalla.com

February 19, 2026

Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re:    ***Francois, Renita v. Bath & Body Works, LLC et al.***
       **Case No. 2:25-cv-03725**

Dear Judge Tiscione:

We represent Defendant Bath & Body Works, LLC ("BBW") in the above-referenced action. Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("FRCP"), BBW respectfully requests that this Court grant it leave to file an Amended Answer to Plaintiff's First Amended Complaint. *See* **Exhibit A**, Proposed Amended Answer [Clean Copy], **Exhibit B**, Proposed Amended Answer [Redline]. The purpose of the amendment is to assert an arbitration defense based on newly discovered information regarding Plaintiff's possible agreement with BBW to arbitrate the claims at issue in the above-referenced matter. The parties met and conferred about this issue but Plaintiff's counsel would not consent to BBW's request for leave to amend. Consistent with Rule 15's liberal standard, and because Plaintiff will suffer no prejudice and this action will not be delayed whatsoever, BBW respectfully submits this motion.

Plaintiff served her First Amended Complaint ("FAC") on BBW on October 29, 2025, alleging that a BBW scented candle (the "Subject Candle") exploded in her face, causing burns. BBW filed its Answer and Affirmative Defenses on November, 11, 2025. Since that time, BBW has discovered information revealing that Plaintiff's purchase of the Subject Candle was connected to a specific My Bath & Body Works Loyalty Rewards Program ("Rewards Program") membership. Because affirmative agreement to mandatory arbitration is required in order to sign up for any Rewards Program membership, BBW has a good faith basis to believe that Plaintiff agreed to arbitrate her dispute with BBW rather than proceed in this Court.

The Rewards Program account number associated with Plaintiff's purchase was created in-store on December 11, 2022. To sign up for the Rewards Program in-store at that time, a customer would have been required to navigate through a screen directing them to read the provided T&C's and affirmatively click to "Agree" to the terms. *See* **Exhibit C**, Photo of In-Store Sign-up Screen. If a customer does not affirmatively click the box to "Agree" to these terms, they cannot be enrolled in the Rewards Program. All iterations of the T&C, from the inception of the Rewards Program to the present, each contain a mandatory arbitration clause. *See* **Exhibit D**, Rewards Program Terms and Conditions, 8/16/2022, at Section 17. The first page of the T&C, which appears immediately on the screen when a customer is directed to read the T&C at sign-up, announces:

Honorable Steven L. Tiscione
February 19, 2026
Page 2

**IMPORTANT LEGAL INFORMATION: PLEASE READ THIS ENTIRE AGREEMENT CAREFULLY. IT SETS FORTH THE LEGALLY BINDING TERMS AND CONDITIONS FOR YOUR PARTICIPATION IN THE MY BATH & BODY WORKS LOYALTY PROGRAM.**

**THESE TERMS REQUIRE YOU TO ARBITRATE ANY DISPUTES YOU HAVE WITH US AND YOU WAIVE THE ABILITY TO BRING CLAIMS AGAINST US IN COURT, TO HAVE ANY DISPUTE HEARD BY A JUDGE OR JURY, OR TO BRING ANY CLAIMS AGAINST US IN A CLASS ACTION FORMAT.**

**Ex. D**, at p. 1. When BBW discovered records showing that a purchase associated with Plaintiff's information was connected to a Rewards Program account, counsel for BBW conferred with Plaintiff's counsel via email to discuss the arbitration of her claims. Plaintiff's counsel did not dispute that Plaintiff had signed up for the Rewards Program. Nevertheless, Plaintiff's counsel declined arbitration—or even to consent to amend the answer to merely assert the defense—on the basis that her purchase of the Subject Candle occurred on December 3, 2011, a year prior to the Rewards Program sign up date. However, Section 16 of the T&C defines arbitrable disputes to include any "claim against Bath & Body Works regarding any transactions between you and Bath & Body Works, whether heretofore or hereafter arising." **Ex. D,** at Section 16. It is therefore BBW's position that this arbitration agreement includes the December 3, 2021 purchase of the Subject Candle. Thus, BBW has a good faith basis to believe that Plaintiff has agreed to resolve the claims at issue in this suit in mandatory arbitration rather than in this Court.

Rule 15(a)(2) of the Federal Rules of Civil Procedure embodies a liberal policy favoring amendments, instructing courts to "freely give leave when justice so requires." Courts in the Second Circuit have faithfully interpreted this rule in favor of amendment, finding that "leave should only be denied "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Jimenez v. Rutgers Cas. Ins. Co.*, 775 F. Supp. 3d 695, 698 (E.D.N.Y. 2025) (internal citations omitted); see also *Michalek v. Amplify Sports & Entm't*, 2012 U.S. Dist. LEXIS 85727 at *4 (S.D.N.Y. June 20, 2012); see also *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam). "The non-moving party bears the burden of establishing why leave to amend should not be granted." *Jimenez*, 775 F. Supp. 3d at 698. In reversing the denial of a motion to amend to add affirmative defenses the Second Circuit emphasized that "the Supreme Court has made clear that 'this mandate [to freely give leave] is to be heeded,'" *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wasau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).

"In determining what constitutes prejudice for purposes of a motion to amend, courts in this Circuit consider whether the assertion of a new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Michalek*, 2012 U.S. Dist. LEXIS 85727 at *13-14 (internal quotations and citations omitted). "The type of prejudice that warrants denial of leave to amend is usually such that it puts the opposing party at an unfair disadvantage, such as the addition of a new claim on the eve of trial." *Scalia v. Sarene Servs., Inc.*, 740 F. Supp. 3d 251, 280 (E.D.N.Y. 2024) (citations omitted).

Honorable Steven L. Tiscione
February 19, 2026
Page 3

In this case, there is no reason to deny BBW's request for leave to amend. BBW has sought leave from the Court to amend its Answer as soon as it became aware of a good faith basis to assert an arbitration defense, and this will be BBW's first proposed amendment to a pleading. At the time of filing this motion, the parties are still in the initial stages of exchanging written discovery and no other motion practice or depositions have taken place. Given the early stage of this matter, there cannot be alleged or shown any prejudice that would result from the addition of BBW's arbitration defense to the pleadings.

BBW anticipates that Plaintiff may argue that the presence of co-defendants Premier may cause a bifurcation of claims between arbitration and this Court if BBW moves to compel arbitration, thereby prejudicing Plaintiff. Without expounding on the merits of a hypothetical motion to compel, there is no reason that the entire case could not be referred to arbitration. The Second Circuit has held that parties to an arbitration agreement may be compelled to arbitrate their claims against a non-signatory if the claims are sufficiently intertwined with the claims against a signatory. *Ragone v. Atl. Video*, 595 F.3d 115, 128 (2d Cir. 2010). Likewise, this Court has routinely found it proper to compel arbitration of the entire dispute where the claims against a non-signatory are intertwined with or share identity with a Plaintiff's arbitrable claims. See *Reiner v. Paneth*, No. 24-CV-4914, 2025 U.S. Dist. LEXIS 483630 at *20-21 (E.D.N.Y. Sep. 30, 2025); *Shepherd v. Belkin Int'l, Inc.*, 683 F. Supp. 3d 282, 287-289 (E.D.N.Y. 2023); *Padula v. Ebay*, No. 21-cv-05391, 2022 U.S. Dist. LEXIS 233371 at *17-18 (E.D.N.Y. Dec. 29, 2022); *Kwik Ticket Inc. v. Spiewak*, No. 20-cv-01201 (FB), 2022 U.S. Dist. LEXIS 147524 (E.D.N.Y. Aug. 17, 2022). Plaintiff's claims against Premier are directly tied to its claims against BBW and entirely dependent on its role as BBW's contract candle supplier, and thus the claims are sufficiently intertwined to compel arbitration between Plaintiff and Premier on that basis. Additionally, if Plaintiff's is concerned about efficiency, she could simply elect to proceed in arbitration against both parties or stay the action against Premier pending arbitration with BBW. In any event, this motion is not a motion to compel arbitration. BBW only seeks leave to amend its Answer to assert arbitration as an affirmative defense.

For the reasons set forth above, BBW respectfully requests that the Court grant its motion to amend its Answer to Plaintiff's First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure for the purpose of asserting an arbitration defense and grant such other relief as the Court deems just and proper.

Respectfully submitted,

David S. Osterman