Exhibit 1

Case 2:25-cv-03725-GRB-ST    Document 33-1    Filed 04/12/26    Page 1 of 27 PageID #: 506

Exhibit 1

 Gmail

---

## Francois et al v. Bath & Body Works, LLC et al; 2:25-cv-03725

**Tyrone Blackburn** <tblackburn@tablackburnlaw.com>                    Thu, Apr 9, 2026 at 10:09 PM
To: "Osterman, David S." <dosterman@goldbergsegalla.com>, "Kamer, Cameron" <cameron.kamer@wilsonelser.com>, "Baiocco, Joseph C." <Joseph.Baiocco@wilsonelser.com>, Rodney Diggs <RDiggs@imwlaw.com>

Mr. Osterman,

See the attached Plaintiff's response to your supplemental discovery request.  I am still working on the photos and other content from the child's birthday party, as well as all of the records and documents listed in PART III: SUPPLEMENTAL DOCUMENT PRODUCTION.  She no longer has access to her outlook and work calendars because she is now the Deputy Mayor of NYC.  She requested copies of the documents, but her former employer stated they do not have calendar entries dating back to her employment period.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

_____

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any

recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

[Quoted text hidden]

**PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO DEFENDANT BATH & BODY WORKS, LLC'S FIRST SET OF DISCOVERY.1.pdf**
234K

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Renita Francois, and<br>McEvans Francois,<br><br>                              Plaintiffs,<br><br>   -against-<br><br><br>Bath & Body Works, Inc.,<br>The Premier Candle Corporation,<br>ABC Corporation 1-10, and<br>JOHN and JANE DOES 1-10,<br>                            Defendant. | Civil Action No.: 25-3725<br><br><br><br>PLAINTIFF'S SUPPLEMENTAL AND<br>AMENDED RESPONSES TO<br>DEFENDANT BATH & BODY WORKS,<br>LLC'S FIRST SET OF DISCOVERY |

Plaintiff Renita Francois ("Plaintiff"), by her undersigned counsel, hereby provides the following Supplemental and Amended Responses to Defendant Bath & Body Works, LLC's ("BBW" or "Defendant") First Set of Discovery, pursuant to Fed. R. Civ. P. 26(e), 33, 34, and 36. Plaintiff's prior General Objections are incorporated herein by reference. These supplemental responses are provided without waiver of any previously asserted objections unless expressly stated.

### PART I: SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e), Plaintiff supplements her initial disclosures as follows:

#### A. Photographs and Visual Evidence

Plaintiff is producing or has produced the following categories of photographs and visual evidence in native format:

(i)      All photographs of the Subject Candle and accident scene taken on or about January 19, 2023, and thereafter, by Plaintiff McEvans Francois and Plaintiff Renita Francois.

(ii)     All photographs of Plaintiff Renita Francois's injuries to her face, arms, and hands taken at various stages from January 19, 2023, through the present, including photographs taken by Plaintiff, her husband, and family members.

(iii)    All clinical photographs taken by medical providers, to the extent such photographs are in Plaintiff's possession, custody, or control; and

(iv)    Photographs and/or videos from the birthday party attended by Plaintiff Renita Francois in the days following the incident, to the extent such photographs or videos are in Plaintiff's possession, custody, or control.

#### B. Medical and Billing Records

1

Plaintiff is producing or has produced the following medical and billing records:

    (i)     Records from Dr. Bijan Setareh-Shenas, MD (dermatology), including the letter dated August 20, 2024.

         a.  Plaintiff went for a consultation and does not have medical records.

    (ii)    Records from Jessica Mofield.

    (iii)   Records from Dr. Jennifer Balfour (primary care).

    (iv)   All medical bills, invoices, and Explanation of Benefits related to treatment.

         a.  Plaintiff is in the process of gathering all of these records and will produce them.

    (v)    Prescription and pharmacy records; and

    (vi)   Medical correspondence, including the dermatologist letter dated August 20, 2024.

### C. Additional Documents

Plaintiff is producing or has produced the following additional documents:

    (i)     Text messages, emails, or other electronic communications from January 19, 2023, relating to the incident, emergency response, and immediate aftermath (non-privileged communications only).

    (ii)    Non-privileged communications with family members regarding the incident. Plaintiff is not asserting privilege over communications with family members regarding the incident itself. To the extent any documents are withheld on the basis of privilege, a privilege log will be provided.

    (iii)   Records of out-of-pocket expenses.

    (iv)   Lien notices from health insurance providers, to the extent received.

    (v)    Financial records showing impact on household finances, to the extent available.

    (vi)   Property damage documentation (furniture, bedding, walls affected by wax and fire).

    (vii)   Calendar and appointment records showing medical appointments and treatment schedule; and

    (viii)  Any other non-privileged documents supporting claims of physical injury, emotional distress, and loss of consortium. To the extent any documents are withheld on the basis of privilege, a privilege log will be provided.

Plaintiff is in the process of collecting, organizing, and producing the above-referenced documents and will complete production on a rolling basis. Plaintiff reserves the right to supplement.

## PART II: SUPPLEMENTAL INTERROGATORY RESPONSES

**Interrogatory No. 11 (Supplemental):** Identify all witnesses and documents supporting Plaintiff's claim of diminished earning capacity due to permanent disfigurement affecting professional opportunities and public-facing leadership roles.

**Supplemental Answer:** In addition to Plaintiff's prior response, Plaintiff supplements as follows:

Plaintiff manages her professional schedule and coordinates her work activities using a Microsoft Outlook calendar program. Plaintiff identifies the following additional responsive documents:

2

- Outlook calendar records and related scheduling records reflecting Plaintiff's work schedule and professional activities from approximately October 2022 (three months prior to the incident) through the present.  Unfortunately Plaintiff no longer has access to this information as she no longer works for that employer and was informed that the employer no longer has outlook Calander data from the time she was employed.

- Records tracking Plaintiff's work schedule, meetings, speaking engagements, public appearances, and professional activities during the same period; and

- Any documentation reflecting changes to Plaintiff's professional schedule, declined engagements, or reduced public-facing activities following the January 19, 2023, incident.

These records are being collected and will be produced on a rolling basis. Plaintiff reserves the right to supplement.

**Interrogatory No. 12 (Supplemental):** Identify all photographs and videotapes or other depictions of any injuries resulting from the incident.

**Supplemental Answer:** In addition to Plaintiff's prior response, Plaintiff supplements as follows:

Plaintiff does not have any photos from her child's birthday party.  Because the injuries were fresh and Plaintiff was in shock from what happened, Plaintiff intentionally hid from the camera and wore a face mask during the party.

All responsive non-privileged photographs and videos are being collected and will be produced in native format on a rolling basis. Plaintiff reserves the right to supplement.

**Interrogatory No. 21 (Supplemental):** Identify any communications that Plaintiff or anyone acting on her behalf had with any media source concerning the subject matter of the lawsuit.

**Supplemental Answer:** Plaintiff withdraws her prior objection based on the work product doctrine as to this interrogatory and supplements as follows:

Upon information and belief, Plaintiff's counsel received at least one media inquiry regarding the subject matter of this case. As discussed, and agreed upon during the deposition of Plaintiff Renita Francois, these communications are responsive to this interrogatory and are not privileged. Plaintiff supplements as follows:

- Media source: National Post

- Date(s): July 21, 2025

- Persons involved: Tyrone A. Blackburn, Esq. (Plaintiff's counsel) and representative(s) of the media source.

- Substance: Inquiry regarding the subject matter of this litigation, including the candle incident and Plaintiff's injuries.

- Documents/materials provided: Nothing was provided other than confirmation that the claim was real, and the images in the complaint accurately represents the injuries plaintiff suffered.

All non-privileged responsive communications with media sources will be identified and produced. Plaintiff reserves the right to supplement.

**PART III: SUPPLEMENTAL DOCUMENT PRODUCTION**

Plaintiff is producing documents responsive to Defendant's First Request for Production of Documents concurrently with or promptly following service of these supplemental responses. Plaintiff's prior objections to individual requests are maintained to the extent not expressly withdrawn herein; however, Plaintiff is producing responsive, non-privileged documents notwithstanding those objections.

Plaintiff's document production includes, without limitation, the following categories of documents responsive to Defendant's requests:

- Photographs of the Subject Candle, accident scene, and Plaintiff's injuries (in native format).
- Medical records from all identified treating providers.
- Medical bills, invoices, and Explanation of Benefits.
- Prescription and pharmacy records.
- Medical correspondence, including dermatologist letter dated August 20, 2024.
- Text messages and electronic communications from January 19, 2023, relating to the incident.
- Non-privileged family communications regarding the incident.
- Out-of-pocket expense records.
- Property damage documentation.
- Calendar/appointment records; and
- Birthday party photographs depicting Plaintiff (upon collection).

Production will be made on a rolling basis. To the extent any documents are withheld on the basis of privilege, a privilege log will be provided in accordance with Fed. R. Civ. P. 26(b)(5). Plaintiff reserves the right to supplement.


**PART IV: AMENDED RESPONSES TO REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 36, Plaintiff amends her responses to the following Requests for Admission:

**Request for Admission No. 8:**

**Amended Response:** Admitted. The glass jar housing the Subject Candle did not rupture during the incident. Plaintiff clarifies that the term "container failure" as used in Plaintiff's prior responses referred to the failure of the candle product as a whole — i.e., the violent explosion of flame and molten wax — not to the physical rupture of the glass jar itself.

**Request for Admission No. 9:**

**Amended Response:** Admitted in part. The glass jar did not physically rupture, shatter, or break apart. However, the candle product as a whole failed. The Subject Candle experienced a violent and unexpected explosion of flame and molten wax, which constitutes a product failure regardless of the structural integrity of the glass container.

**Request for Admission No. 10:**

**Amended Response:** Admitted. The glass jar did not shatter during the incident.

**Request for Admission No. 11:**

**Amended Response:** Admitted. The glass jar is currently intact and is not missing any pieces.

**Request for Admission No. 27:**

**Amended Response:** Admitted. Plaintiff's admission of this fact does not constitute an admission that any particular manufacturer, including Defendant or The Premier Candle Corporation, complied with such testing requirements with respect to the Subject Candle.

**Request for Admission No. 29:**

**Amended Response:** Plaintiff amends her prior response. Plaintiff admits that joint testing was conducted on the Subject Candle and/or representative batch samples, and that such testing was conducted in the presence of Plaintiff's counsel. Plaintiff has received copies of the test results. Plaintiff does not admit or deny the conclusions of such testing, as Plaintiff's experts have not yet had the opportunity to fully analyze and opine on the testing methodology and results. Plaintiff reserves the right to challenge the testing methodology, procedures, and conclusions through expert testimony.

**Request for Admission Nos. 31-34:**

**Amended Response:** Plaintiff amends her prior responses. Plaintiff admits that joint testing was conducted on the Subject Candle and/or representative batch samples as described in the respective Requests, that such testing was conducted in the presence of Plaintiff's counsel, and that copies of the test results were shared with Plaintiff's counsel. As with RFA No. 29, Plaintiff does not admit or deny the conclusions of such testing and reserves the right to challenge the testing methodology, procedures, and conclusions through expert testimony.

**Request for Admission No. 51:**

**Amended Response:** Admitted. After reasonable inquiry, including review of publicly available Consumer Product Safety Commission (CPSC) records, Plaintiff admits that neither a Bath & Body Works Sweater Weather candle nor the Subject Candle in this action have been the subject of a CPSC recall. This admission does not constitute an admission that the Subject Candle was free from defects or safe for consumer use.

**Amended Responses to RFA Nos. 2, 3, 5, 7, 12-15, 21-22, 24-25, 28, 40, and 50**

Plaintiff amends her responses to the above-referenced Requests for Admission to provide clear, concise admissions limited to the scope of each request, without unnecessary elaboration:

**RFA No. 2:** Admitted, to the extent the Request accurately states a fact from Plaintiff's pleadings or the record. Plaintiff's admission is limited to the scope of the question as asked.

**RFA No. 3:** Denied.

**RFA No. 5:** Admitted.

**RFA No. 7:** Admitted, to the extent the Request accurately states a fact from Plaintiff's pleadings or the record. Plaintiff's admission is limited to the scope of the question as asked.

**RFA No. 12:** Admitted, to the extent the Request accurately states a fact from the medical records or Plaintiff's pleadings. Plaintiff's admission is limited to the scope of the question as asked.

**RFA No. 13:** Admitted.

5

**RFA No. 14:** Admitted.

**RFA No. 15:** Admitted.

**RFA No. 21:** Admitted, to the extent the Request accurately states a fact from Plaintiff's pleadings or the record. Plaintiff's admission is limited to the scope of the question as asked.

**RFA No. 22:** Partially Admitted, to the extent the Request accurately states a fact from Plaintiff's pleadings or the record. Plaintiff's admission is limited because Plaintiff does not fully recall what was or was not asked.

**RFA No. 24:** Admitted, to the extent the Request accurately states a fact from Plaintiff's pleadings or the record. Plaintiff's admission is limited to the scope of the question as asked. Plaintiff has no personal first-hand knowledge if BBW or another entity manufactured the candle in question, but according to the label it says the candle was manufactured by Premier.

**RFA No. 25:** Admitted, to the extent the Request accurately states a fact from Plaintiff's pleadings or the record. That is what the label said.

**RFA No. 28:** Admitted, to the extent the Request accurately states a fact from the record. Plaintiff's admission is limited to the scope of the question as asked.

**RFA No. 40:** Denied. Plaintiff is not in a possession to determine if the glass jar for the candle complies with ASTM.

**RFA No. 50:** Denied. Plaintiff is not in a position to test or to know the compounds that were used to create the wick.

## RESERVATION OF RIGHTS

These supplementals and amended responses are based upon information presently known and available after a reasonable and diligent search. Investigation and discovery are ongoing. Plaintiff expressly reserves the right to further amend, supplement, or modify these responses as additional facts become known, documents are produced, experts are retained, and depositions are taken, in accordance with Fed. R. Civ. P. 26(e).

Date: April 6, 2026

Brooklyn, New York

Respectfully Submitted,

*/s/Tyrone A. Blackburn, Esq.*

Tyrone A. Blackburn, Esq.

 Gmail

## Francois et al v. Bath & Body Works, LLC et al; 2:25-cv-03725

**Tyrone Blackburn** <tblackburn@tablackburnlaw.com>                    Fri, Apr 10, 2026 at 3:21 AM
To: "Osterman, David S." <dosterman@goldbergsegalla.com>, "Kamer, Cameron" <cameron.kamer@wilsonelser.com>, "Baiocco, Joseph C." <Joseph.Baiocco@wilsonelser.com>, Rodney Diggs <RDiggs@imwlaw.com>

See the attached screenshots of the images previously provided in discovery, displaying the date and time each image was created.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

_____
_____

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

[Quoted text hidden]

**Images with Date and Time of creation.pdf**
2195K

Case 2:25-cv-03725-GRB-ST    Document 33-1    Filed 04/12/26    Page 11 of 27 PageID #: 516

**Images with Date and Time of creation.pdf**
2195K



Add a Caption

Thursday • Jan 19, 2023 • 4:46 AM                                    Adjust

IMG_2805

Apple iPhone 11                                                      HEIF

Wide Camera — 26 mm ƒ1.8
3 MP • 1536 × 2048 • 502 KB

| ISO 500 | 26 mm | 0 ev | ƒ1.8 | 1/40 s |



Add a Caption

Thursday • Jan 19, 2023 • 4:46 AM    Adjust

IMG_2805

Apple iPhone 11    HEIF

Wide Camera — 26 mm ƒ1.8
3 MP • 1536 × 2048 • 502 KB

| ISO 500 | 26 mm | 0 ev | ƒ1.8 | 1/40 s |



Add a Caption

Thursday • Jan 19, 2023 • 4:46 AM                    Adjust

IMG_2806

| Apple iPhone 11 | HEIF |
| --- | --- |

Wide Camera — 26 mm ƒ1.8
3 MP • 1536 × 2048 • 391 KB

| ISO 250 | 26 mm | 0 ev | ƒ1.8 | 1/60 s |



Add a Caption

Thursday • Jan 19, 2023 • 4:46 AM                    Adjust

IMG_2806

Apple iPhone 11                                      HEIF

Wide Camera — 26 mm ƒ1.8
3 MP • 1536 × 2048 • 391 KB

| ISO 250 | 26 mm | 0 ev | ƒ1.8 | 1/60 s |



Add a Caption

 Look Up **Food** >

Thursday • Jan 19, 2023 • 12:01 PM          Adjust

69584046716__DC120941-D756-4455-9EBA-E66F07057E4B

Apple iPhone 13 Pro                                    HEIF

Ultra Wide Camera — 13 mm ƒ1.8
12 MP • 3024 × 4032 • 1.2 MB

ISO 125        26 mm        0 ev        ƒ1.8        1/30 s

Add a location...

 Share Francoi...





Add a Caption

Thursday • Jan 19, 2023 • 3:43 PM                    Adjust

☁ IMG_3046

| Apple iPhone 13 Pro | HEIF |
|---|---|

Wide Camera — 26 mm ƒ1.5
12 MP • 3024 × 4032 • 1.4 MB

| ISO 800 | 26 mm | 0.1 ev | ƒ1.5 | 🌙 1.2 s |
|---|---|---|---|---|

Add a location...

 Shared with you by **Renita Francois** in Messages ›    ↩

                



Add a Caption

Wednesday • Feb 8, 2023 • 4:58 PM          Adjust

69758633275__63C24564-CC7B-4680-9FE7-A3E3BD4033D7

**Apple iPhone 14 Pro Max**          HEIF

Ultra Wide Camera — 13 mm ƒ2.2
12 MP • 3024 × 4032 • 1.3 MB

| ISO 400 | 24 mm | 0 ev | ƒ2.2 | 1/59 s |

Add a location...



Add a Caption

Wednesday • Feb 8, 2023 • 4:59 PM          Adjust

69758638765__72E83B0B-82BD-4B76-8ABB-5D960F4ACE65

| Apple iPhone 14 Pro Max | | | | HEIF |
| --- | --- | --- | --- | --- |
| Ultra Wide Camera — 13 mm $f2.2$ | | | | |
| 12 MP • 3024 × 4032 • 1.2 MB | | | | |
| ISO 400 | 24 mm | 0 ev | $f2.2$ | 1/60 s |

Add a location...

   



Case 2:25-cv-03725-GRB-ST    Document 33-1    Filed 04/12/26    Page 21 of 27 PageID #: 526



Add a Caption

Wednesday • Mar 1, 2023 • 10:58 AM    Adjust

IMG_3287

| Apple iPhone 11 | HEIF |
| --- | --- |
| Wide Camera — 26 mm $f1.8$ | |
| 12 MP • 3024 × 4032 • 1.4 MB | |

| ISO 160 | 26 mm | 0 ev | $f1.8$ | 1/60 s |
| --- | --- | --- | --- | --- |



Add a Caption

Wednesday · Mar 1, 2023 · 10:58 AM                    Adjust

IMG_3288

| Apple iPhone 11 | HEIF |
| --- | --- |
| Wide Camera — 26 mm ƒ1.8 | |
| 12 MP · 3024 × 4032 · 1.3 MB | |

| ISO 125 | 26 mm | 0 ev | ƒ1.8 | 1/60 s |



Add a Caption

**Wednesday · Mar 1, 2023 · 10:58 AM**          Adjust

☁️ IMG_3289

| Apple iPhone 11 | HEIF |
|---|---|

Wide Camera — 26 mm ƒ1.8
12 MP · 3024 × 4032 · 1.5 MB

| ISO 80 | 26 mm | 0 ev | ƒ1.8 | 1/60 s |
|---|---|---|---|---|



Add a Caption

**Wednesday · Mar 1, 2023 · 10:58 AM**    Adjust

☁ IMG_3290

| Apple iPhone 11 | HEIF |
| --- | --- |
| Wide Camera — 26 mm $f1.8$ | |
| 12 MP · 3024 × 4032 · 1.5 MB | |

| ISO 125 | 26 mm | 0 ev | $f1.8$ | 1/60 s |
| --- | --- | --- | --- | --- |



Add a Caption

Wednesday · Mar 1, 2023 · 10:58 AM            Adjust

IMG_3291

| Apple iPhone 11 | | | | HEIF |
| --- | --- | --- | --- | --- |

Wide Camera — 26 mm $f$1.8
12 MP · 3024 × 4032 · 1.6 MB

| ISO 200 | 26 mm | 0 ev | $f$1.8 | 1/60 s |
| --- | --- | --- | --- | --- |



Add a Caption

Tuesday • Aug 20, 2024 • 8:30 AM          Adjust

IMG_0547

| Apple iPhone 13 Pro | HEIF |
| --- | --- |

Front Camera — 23 mm ƒ2.2
7 MP • 2316 × 3088 • 1.6 MB

| ISO 320 | 30 mm | 0 ev | ƒ2.2 | 1/30 s |

Add a location...

 Shared with you by Renita Francois in Messages ›

            



Add a Caption

Tuesday · Aug 20, 2024 · 8:30 AM                          Adjust

IMG_0548

| Apple iPhone 13 Pro | | HEIF  |
| --- | --- | --- |
| Front Camera — 23 mm f2.2 | | |
| 7 MP · 2316 × 3088 · 1.5 MB | | |

| ISO 320 | 30 mm | 0 ev | f2.2 | 1/30 s |
| --- | --- | --- | --- | --- |

Add a location...

 Shared with you by Renita Francois in Messages ›

