
April 29, 2026

Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      **Re:**    ***Francois, Renita v. Bath & Body Works, LLC et al.***
              **Case No. 2:25-cv-03725**

Dear Judge Tiscione:

We represent Defendant Bath & Body Works ("BBW") in the above-referenced action. Pursuant to Federal Rule of Civil Procedure 26(c), BBW respectfully requests that this Court issue a protective order limiting the scope of discovery to exclude Plaintiff McEvans Francois' First Set of Interrogatories, Requests for Admission, and Requests for Production, which constitute 85 discovery demands not related to any claim in this case. Good-faith efforts to resolve this dispute with Plaintiffs have been unsuccessful, and BBW requires the intervention of the Court to avoid these untimely, irrelevant, disproportionate, and unduly burdensome and expensive demands.

This is a straightforward product liability action arising from burn injuries Plaintiff allegedly sustained in connection with a Bath & Body Works 3-Wick candle. Plaintiff commenced this action on July 4, 2025, by filing a grossly overpled Complaint spanning 295 paragraphs and containing frivolous, unverifiable allegations extending well beyond the factual circumstances necessary to support her legal claims. Accordingly, on July 22, 2025, BBW served Plaintiff with a letter pursuant to Federal Rule of Civil Procedure 11 asking Plaintiff to withdraw these frivolous allegations.

Plaintiff responded by filing an Amended Complaint curing some, but not all, of these defects. While Plaintiff omitted counts unrelated to the cause of action in her Amended Complaint, the pleadings continue to contain expansive assertions untethered to the actual claims or damages at issue. Rather than pursuing Rule 11 sanctions or moving to dismiss, BBW hoped that the parties could proceed reasonably in discovery, relying on mutual professionalism and cooperation without further motion practice. However, on March 30, 2026, Plaintiff served BBW with a set of discovery requests propounded by Plaintiff McEvans Francois, who has only alleged a loss-of-consortium claim, containing 25 additional interrogatories, 25 requests for production, and 35 requests for admission exclusively focused on an irrelevant issue that has no bearing on any injury alleged in this case.

The substance of these 85 demands relates exclusively to the dermal, respiratory, and systemic toxicity of what Plaintiff characterizes as the "wax composition" of any BBW candle

product, which includes any possible ingredient or constituent that BBW may use or have used in any of its candles at any time. While the Amended Complaint includes several superfluous allegations regarding the "toxicity" of some candle constituents, it advances no theory of damages, alleges no related injury, and asserts no legal claim supported by existing law arising from those frivolous assertions. Furthermore, there are no facts on which Plaintiffs could assert such a claim—nothing in Plaintiffs' medical records, therapy records, or any other discovery responses supports a toxic-exposure-related injury.

Even if Plaintiffs could plausibly allege a claim related to these discovery demands—which they cannot—there is no basis to believe Plaintiffs could amend their complaint at this advanced stage in the litigation. Neither Plaintiff's Rule 26 disclosures nor any discussions between the parties to date have indicated that Plaintiff intends to retain a toxicologist or any other expert relevant to these issues. Additionally, BBW has already deposed Plaintiff and would be significantly prejudiced in defending an entirely new claim at this point in discovery. Plaintiff is therefore seeking to improperly introduce disproportionate complexity to this simple product liability action and effectively double the scope of discovery on Defendants by serving 85 irrelevant demands 15 days after the Court's original deadline for written discovery requests. There can be no other possible purpose for these discovery demands than to harass and frustrate BBW.

On April 23, 2026, BBW served a letter on Plaintiffs challenging these discovery requests and explaining that they are irrelevant, unduly burdensome, overbroad, and disproportionate to the needs of the case because they improperly seek discovery into matters divorced from the claims and injuries pled. Despite this good-faith effort to confer, Plaintiff has failed to narrow the scope of discovery to issues proportional and relevant to the actual claims in dispute.

The Federal Rules of Civil Procedure are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While the Federal Rules generally support a liberal construction of the scope of discovery, "the Rules recognize that there will be occasions when this liberality must be tempered with restraint." *De Long Corp. v. Lucas*, 138 F. Supp. 805, 808 (S.D.N.Y. 1956) (limiting scope of discovery to relevant issues); see also *Genial Holding Ltda v. Brasil Plural Sec., LLC*, 2025 LX 590020 (S.D.N.Y. Dec. 18, 2025) (denying motion to compel discovery into unrelated transactions); *Bradshaw v. Welch*, No. 9:21-CV-826, 2026 U.S. Dist. LEXIS 1230 at *8 (N.D.N.Y. Jan. 5, 2026) (denying discovery requests "not proportionate to the plaintiff's needs to prosecute his case"); *Mouchas v. Under Pressure Coffee Inc.*, No. 24 CV 2221 (AMD) (CLP), 2025 LX 461162 at *10-11 (E.D.N.Y. Oct. 28, 2025) (collecting cases). Accordingly, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. Fed. R. Civ. P. 26(c); *Xerox Corp. v. Conduit Glob., Inc.*, No. 21-cv-6467-EAW-MJP, 2024 U.S. Dist. LEXIS 132596 (W.D.N.Y. July 26, 2024) (granting protective order where extensive discovery requests concerned an unrelated issue and had "no real purpose other than to frustrate and annoy" the responding party, and awarding attorney's fees).

Rule 26(c) provides that a court "may, for good cause, issue an order…forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Id. Protective Orders are solely "within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). Here, BBW respectfully requests this Court grant a Protective Order precluding discovery

on Plaintiff McEvans Francois' First Set of Interrogatories, Requests for Admission, and Requests for Production on the basis that they fall squarely outside the scope of discovery as defined by Rule 26(b), which states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Walsh v. Top Notch Home Designs Corp.*, No. CV 20-05087 (GRB) (JMW), 2022 U.S. Dist. LEXIS 143801, at *18 (E.D.N.Y. Aug. 11, 2022) (precluding discovery into matters where the requesting party failed to make clear how the requested information could even remotely support their claims); *Woelfle v. Black & Decker (U.S.) Inc.*, No. 1:18-cv-486, 2020 U.S. Dist. LEXIS 43308, at *6 (W.D.N.Y. Mar. 12, 2020) (granting protective order where plaintiff did not need the information to make a showing of legal wrongdoing and the request would be a significant discovery burden on the defendant without clear necessity).

Accordingly, for good cause shown, BBW respectfully requests that the Court enter a protective order pursuant to Rule 26(c) precluding Plaintiff McEvans Francois from pursuing, and relieving BBW from any obligation to respond to, his First Set of Interrogatories, Requests for Production, and Requests for Admission because they seek discovery that is neither relevant to any claim or defense nor proportional to the needs of this case. These demands are not necessary for Plaintiffs to prosecute their product liability claims and are disproportionate to the case, effectively doubling BBW's discovery burden and expanding the scope of discovery well beyond what is contemplated or supported by the pleadings or the record. BBW further requests an award of its reasonable attorneys' fees and costs incurred in connection with this application, as permitted by Rule 26(c), and such other and further relief as the Court deems just and proper.

Respectfully submitted,

David S. Osterman