**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Renita Francois and McEvans Francois,

      Plaintiff(s),

      Case No. 2:25-cv-03725

v.

Bath & Body Works, LLC, The Premier Candle
Corporation, ABC Corporation 1-10 and John
and Jane Does 1-10,

      Defendant(s).

---

## DEFENDANT BATH & BODY WORKS, LLC'S REPLY IN SUPPORT OF ITS LETTER MOTION TO AMEND ITS ANSWER

In accordance with this Court's April 17, 2026, Order, Defendant Bath & Body Works, LLC ("BBW") respectfully submits this Reply in support of its Letter Motion to Amend for the purpose of asserting an arbitration defense in its Answer to Plaintiffs' First Amended Complaint (the "Letter Motion").

    **I.**    **Plaintiffs have not shown undue delay because BBW filed the Motion within the deadline provided by the Scheduling Order.**

Plaintiffs assert in their opposition that BBW submitted its Letter Motion "after the deadline to do so in the court's scheduling order has passed." Opp. at 15. This is false. BBW's Letter Motion was submitted on February 19, 2026, in advance of the February 28, 2026, deadline to amend the pleadings provided by this Court's Scheduling Order. Conversely, in a blatant affront to the Practices and Rules established by this Court for the submission of non-dispositive motions, which require oppositions to be filed in the form of a letter brief of no more than three pages in length and within five days of service, Plaintiffs submitted a formal ***twenty-five page*** opposition

*seven and a half weeks* after service without asking for leave from the Court or notifying the parties.

At the time the Letter Motion was filed, Plaintiffs had not served or replied to any written discovery. Initial disclosures had not yet been exchanged, no depositions had taken place, and no parties had engaged in motion practice before this Court. Any substantive litigation progress in this case has taken place after BBW submitted its Letter Motion, as BBW has consistently endeavored to meet all Court requirements and deadlines despite the pending Motion. Now, months later, Plaintiffs attempt to leverage *their own delay* as grounds to assert that BBW's Letter Motion will cause the Plaintiffs undue prejudice at this stage in the litigation. To deny BBW's Letter Motion to Amend its Answer on this basis would punish BBW for engaging in good faith and unjustly reward Plaintiffs for failing to comply with the Rules of this Court.

To the extent that Plaintiffs argue that BBW failed to exercise reasonable diligence by not asserting an arbitration defense when it first filed its answer—no such legal standard exists on a motion to amend the pleadings before the Court ordered deadline, as is the case here. All of Plaintiffs' cited caselaw turns on the crucial fact that the movants in those cases had filed their requests after an established deadline. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000); *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 102 (S.D.N.Y. 2003); *Robinson v. The Town of Colonie*, 1993 WL 191166, 1993 U.S. Dist. Lexis 7464 (N.D.N.Y. 1993); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Since BBW submitted its Letter Motion before the deadline to amend pleadings as set by the Scheduling Order, the liberal standard of Rule 15(a) applies, and Plaintiffs bear the burden of establishing "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by

2

amendments previously allowed, or undue prejudice to the non-moving party." *Jimenez v. Rutgers Cas. Ins. Co.,* 775 F. Supp. 3d 695, 698 (E.D.N.Y. 2025).

Regardless, BBW's lack of knowledge of Ms. Francois's Loyalty Program membership at the time it filed its Answer was not for lack of diligence. Her Loyalty account is maintained under her maiden name, and under different identifying information than was used during the purchase of the Subject Candle.[1] Without rehashing discovery disputes, it suffices to say that BBW would have had Ms. Francois's complete information sooner if Plaintiffs had not delayed discovery.[2] BBW continues to cooperate with Plaintiffs' counsel to resolve discovery issues, but Plaintiffs here unfairly attempt to weaponize their own delay to accuse BBW of lack of diligence despite BBW's faithful adherence to the Scheduling Order in filing its Letter Motion.

## II.    Plaintiffs have failed to demonstrate undue prejudice.

Plaintiffs additionally claim they will suffer undue prejudice by the bifurcation of claims. BBW reiterates its position on its initial Motion that the claims against Premier Candle and BBW sufficiently intertwined to compel arbitration against Premier as a non-signatory because Plaintiffs' claims against both parties arise out of their design, manufacture, and sale of the Subject Candle and Plaintiffs assert no independent claims against Premier in their Amended Complaint that are not derivative of their claims against BBW. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126-27 (compelling arbitration where the plaintiff's claims "rely on the concerted actions of both defendants."); *Reiner v. Paneth*, 808 F. Supp. 3d 431, 452 (E.D.N.Y. 2025) (compelling arbitration against non-signatory where "there is no claim against [the non-signatory] that does not

---

[1] Plaintiffs do not dispute Ms. Francois's Loyalty Program membership.
[2] BBW served its initial written discovery requests to Plaintiffs on December 19, 2025. Plaintiffs did not provide a complete set of medical records until February 7, 2026, did not serve any discovery responses until February 26, 2026, and did not request an extension of discovery until April 17, 2026.

3

relate to Plaintiff's dispute with [signatory].") In their Opposition, Plaintiffs make a conclusory statement wholly unsupported by any facts that BBW cannot "meet this standard" of inherently inseparable claims, but it is Plaintiffs' burden to show that they would be prejudiced by the proposed amendment, and a mere conclusory statement is not sufficient to meet that burden. *Jimenez v. Rutgers Cas. Ins. Co.,* 775 F. Supp. 3d 695, 698 (E.D.N.Y. 2025).

With regard to the potential bifurcation of McEvans Francois's loss of consortium claim, Plaintiffs conclusory assertions do not demonstrate that Mr. Francois would be prejudiced by a stay pending arbitration of Ms. Francois's claim. Mr. Francois does not have an independent claim for liability against any defendant in this action, and the litigation of his loss of consortium claim following the resolution of liability in arbitration would amount to a bifurcated trial for damages, a procedure permitted by Fed. R. Civ. P. 42(b) and employed for the purpose of avoiding prejudice and promoting judicial economy. See *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999); *Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 335, 338 (S.D.N.Y. 2013); *Paulay v. John T. Mather Mem'l Hosp.*, No. 14-CV-5613 (SJF) (AYS), 2016 U.S. Dist. LEXIS 27071, 2016 WL 829992, at *2 (E.D.N.Y. Mar. 3, 2016). Plaintiffs' Opposition provides no factual basis to support a conclusion that a bifurcation of McEvans's loss of consortium claim would cause undue prejudice. Plaintiffs have therefore not met their burden to show undue prejudice would result from the potential amendment of an arbitration defense.

### III. The proposed amendment is not futile because the alleged facts, if proven true, support an arbitration defense and the delegation of questions of arbitrability to the arbitrator.

Amendment of pleadings is within the sound discretion of the trial court, and leave to amend "need not be granted" if a proposed amendment to the pleadings would be futile. *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). An affirmative defense is considered futile

4

"where it is either clearly meritless based on the well-pleaded factual allegations contained within the pleadings or would have no impact on the outcome of the action itself." *FC Online Mktg., Inc. v. Burke's Martial Arts, LLC*, No. 14-CV-3685 (SJF)(SIL), 2016 WL 11481193, at \*7 (E.D.N.Y. Sept. 30, 2016) (internal citations omitted). The viability of a proposed amendment is adjudged by the same standard as a motion to dismiss, and the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor. *Dougherty v. Town of North Hempstead Board of Zoning Appeal*, 282 F.3d 83, 88, 91-92 (2d Cir. 2002) (finding that while the opposing party "vigorously disputed" the merits of the proposed amendment, the matter was not properly dismissed at the pleading stage). "Thus, if the underlying facts and circumstances upon which the moving party relies support the claim or defense sought to be added, the party should generally be allowed to test that claim or defense on the merits." *Gurniak v. Emilsen*, 995 F. Supp. 2d 262, 267 (S.D.N.Y. 2014) (citing *United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989)).

The Second Circuit recognizes that the Federal Arbitration Act ("FAA") creates a presumption of arbitrability where "an order to arbitrate…should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Benihana, Inc. v. Benihana of Tokyo*, LLC, 784 F.3d 887, 898-99 (quoting *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)). Ms. Francois has not disputed that she is a Loyalty Program member. In order to sign up for a Loyalty Program membership, Ms. Francois was required to agree to binding arbitration and that arbitration agreement unambiguously applies to "all Disputes…arising before or after the effective date of these Terms." Dkt. 22, **Exhibit D** at Section 16-17.

5

These facts, taken as true, support BBW's claim that this dispute is subject to binding arbitration. The arguments advanced by Plaintiffs in their twenty-five page opposition—the temporal scope of the arbitration agreement, whether there was a meeting of the minds on retroactive arbitration, and the enforceability of the arbitration clause generally—do not demonstrate the futility of an arbitration defense as adjudged on a motion to dismiss standard. Rather, they present issues of arbitrability that are properly developed on a motion to compel arbitration and are inappropriate for dismissal at the pleading stage.

Additionally, and importantly, Plaintiffs' Opposition raises questions of arbitrability that the arbitration agreement properly delegates to the arbitrator. Where an arbitration agreement commits the threshold determination of whether the agreement to arbitrate is enforceable, the courts only retain jurisdiction to review a challenge to that specific provision. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010). This delegation occurs where the "parties 'explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability.'" *Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 117 (2d Cir. 2025) (quoting *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005)).

Section 17 of the Loyalty Terms provides that the Consumer Arbitration Rules of the American Arbitration Association ("AAA") will govern arbitration under the agreement. Dkt. 22, **Exhibit D** at Section 17. Among those rules is Rule R-7(a), which states: "The arbitrator shall have the power to rule on his or her own jurisdiction, including with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim." American Arbitration Association, Consumer Arbitration Rules, Rule R-7(a) (2025). The incorporation of the AAA consumer rules provides a "clear and unmistakable" manifestation of intent to delegate arbitrability. *Gwathmey Siegel Kaufman & Associates Architects, LLC v. Rales*, 518 F. App'x 20,

21 (2d Cir. 2013) ("[B]y incorporating the American Arbitration Association ('AAA') rules the parties agreed to have the arbitrators decide arbitrability.") Therefore, BBW has pled sufficient facts to invoke its right to have the issue of the arbitrability of this dispute decided by an arbitrator and for that reason a proposed amendment to assert an arbitration defense is not futile.

**IV.** **BBW did not waive its right to arbitration because preservation of rights and good-faith compliance with Court orders after its Motion are not inconsistent with a desire to arbitrate.**

In the Second Circuit, a party waives its right to arbitration if it knowingly relinquishes that right by acting in a manner inconsistent with an intent to arbitrate those claims. *Doyle v. UBS Fin. Servs.*, 144 F.4th 122, 129 (2d Cir. 2025). Plaintiffs assert that BBW has waived its arbitration defense by (1) demanding a jury trial in its answer; and (2) "participating in discovery and litigating the merits of Plaintiffs' claims for nine months" while "knowing" it had a right to arbitration. Opp. at p. 23. BBW acknowledges that the information regarding Ms. Francois's Loyalty Membership was contained in its own databases; however, BBW did not have knowledge of her inconsistent identification information at the time it filed its Answer. As discussed in Section I, *supra*, at the time BBW filed its Letter Motion, no substantial litigation had taken place in this case. Any participation by BBW in this litigation, including the jury trial demand in its answer, was made merely in the interest of preserving its rights at the time that they needed to be preserved and maintaining compliance with the Orders of this Court while its Motion was pending.

Under Federal Rule of Civil Procedure 38(d), a party waives their right to a jury trial if they fail to properly serve and file a demand within 14 days after the last pleading is served. Fed. R. Civ. P. 38(d). It is therefore standard practice in civil cases in the federal courts for parties to assert their right to a jury trial in their pleadings. Even in cases where a defendant has knowledge of and includes an arbitration defense in their answer, it is routine for a jury demand to be included

7

to ensure that their right to a jury trial is not waived in the event that an arbitration defense is unsuccessful. Without the ability to concurrently assert an arbitration defense and demand a jury trial in a responsive pleading, defendants would be faced with a situation where every arbitration defense must be asserted prior to filing an answer or else waive their right to a jury trial or face exposure to default judgment. Plaintiffs cite no rule of law in support of this illogical result because none exists. Asserting a waivable right at the only time it is possible to assert that right while complying with Court deadlines does not constitute an affirmative invocation of the judicial forum.

Likewise, participating in mandatory proceedings in litigation from a defensive posture *after* initially requesting an arbitration defense is not inconsistent with a desire to arbitrate those claims. Here, the months spent "in litigation" before BBW filed its Letter Motion were due to Plaintiffs' own delay in effectuating service and responding to discovery and this Motion was BBW's first request submitted to this Court. See *Brevard v. Suisse*, 2024 U.S. Dist. LEXIS 2231, at *22 (S.D.N.Y. Jan. 3, 2024) (no waiver where months spent in litigation were due to plaintiff's delay and motion to compel was defendant's first substantive filing). By way of contrast, in *In re S & R Co. of Kingston v. Latonta Trucking Inc.*, waiver was found where the requesting party participated in extensive document production, numerous interrogatories, several depositions, resorted to the court to solve disputes and participated in two settlement conferences *before* moving to compel arbitration. 159 F.3d 80, 82 (2d Cir. 1998). That is not the case here, BBW's subsequent participation has been limited to complying with Court orders and deadlines while the Motion has been pending and is therefore not inconsistent with its request to arbitrate.

## CONCLUSION

Plaintiffs have failed to carry their burden to demonstrate undue delay, undue prejudice, or futility. Additionally, BBW moved to amend within the Court ordered deadline, and its continued,

8

good-faith participation in discovery and compliance with Court orders and deadlines while the Motion has been pending was undertaken to preserve its rights and meet its obligations—not to relinquish arbitration. For these reasons, BBW respectfully requests that the Court grant its Letter Motion and permit BBW to amend its Answer to assert an arbitration defense.

Respectfully Submitted

**GOLDBERG SEGALLA LLP**

Matthew G. Miller Esq.
David S. Osterman
711 3rd Avenue, Suite 1900,
New York,  NY 10017
Telephone: (646) 292-8701
Facsimile: (646) 292-8701
Email: mmiller@goldbergsegalla.com
dosterman@goldbergsegalla.com
*Attorneys for Bath & Body Works, LLC*

Dated: May 8, 2026

9