

David S. Osterman | Partner
Direct 609.986.1310 | dosterman@goldbergsegalla.com

June 15, 2026

Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

        **Re:** ***Francois, Renita v. Bath & Body Works, LLC et al.***
             **Case No. 2:25-cv-03725**

Dear Judge Tiscione:

We represent Defendant Bath & Body Works, LLC ("BBW") in this action. Pursuant to Fed. R. Civ. P. 37(b)(2)(A), BBW respectfully seeks an Order precluding the testimony of or any claim by Plaintiff of treatment from Ms. Jessica Mofield, Dr. Jennifer Balfour, Dr. Bijan Setareh-Shenas or Dr. Achiamah Osei-Tutu. BBW also seeks reasonable expenses associated with the bringing of these motions and awarding any other relief the Court deems just and proper.

Despite four months of requests, two motions to compel, and Your Honor's clear Order last month directing Plaintiff to provide copies of all medical authorizations and related communications with these providers by June 9, 2026, Plaintiff has failed to provide any of the information sought. Plaintiff's repeated refusal to respond to Defendants' requests and her defiance of this Court's prior orders frustrates BBW's ability to defend itself under the Federal Rules of Civil Procedure. Accordingly, the requested relief is the appropriate remedy under Rule 37.

The records BBW sought are directly related to Plaintiff's claims. Plaintiff suffered first degree burns and some blisters related to a candle. She was treated and released by her local emergency room. There is no economic loss claim asserted. However, Plaintiff claims her injuries require on-going treatment. Specifically, she claims she is still being treated for significant psychological problems. See Dkt 9 at ¶59. She identified Jessica Mofield, LMHC, NCC, of "More Healing and Wellness" as a person with knowledge about Plaintiff's psychological condition, treatment plan, and prognosis. Plaintiff testified at deposition (in February 2026) that she is still being treated by Jessica Mofield. She admitted that Ms. Mofield is a co-worker who has worked with Plaintiff in her last three jobs, including now with the New York City Mayor's office. [*See* relevant portions of Renita Francois's deposition transcript 165:11-168:24 attached hereto as **Exhibit A**]. In connection with her claim of permanent physical injury, her complaint alleged that some "[d]octors warned [her] that some areas might require extensive long-term treatment, including laser therapy and reconstructive dermatology," see Dkt 9 at ¶58, and in her deposition she identified Doctors Balfour, Setareh-Shenas and Osei-Tutu as physicians with knowledge of her injuries, treatment and prognosis.

**Please send mail to our scanning center at: PO Box 580, Buffalo NY 14201**

**OFFICE LOCATION** 301 Carnegie Center, Suite 200, Princeton, NJ 08540-6587 | **PHONE** 609-986-1300 | **FAX** 609-986-1301 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | DELAWARE | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA
57457699.v1

June 15, 2026
Page 2

Plaintiff's failure to respond to Defendants' requests to obtain records from these providers effectively blocks our efforts to investigate her claims. On February 26, 2026, BBW first served written requests for medical records and authorizations. On March 16, 2026, BBW sent two additional requests for authorizations. On March 30, 2026, BBW followed up with Plaintiff's counsel to request completed authorizations and production of medical records. On April 9, 2026, BBW first moved to compel Plaintiff to execute and return the medical authorizations. *See* Docket No. 31. Following a meet and confer with Plaintiff's counsel on April 14, 2026, Plaintiff proposed, and BBW agreed, that Mr. Blackburn would provide authorizations directly to certain medical providers and copy defense counsel on those authorizations and communications. On April 17, 2026, the Court denied BBW's motion as moot based on that agreement. *See* Docket No. 34.

But Plaintiff refused to honor that agreement. On May 8, 2026, BBW emailed Plaintiff requesting compliance, which Plaintiff ignored. On May 19 and 29, 2026, respectively, BBW submitted two letters to the Court addressing Plaintiff's ongoing discovery deficiencies. *See* Docket Nos. 38 and 39. On June 1, 2026 --the night before a scheduled court hearing to address these failures— I received an email directly from Ms. Mofield, containing a 2-page "Treatment Summary" dated June 1, 2026. Significantly, the summary does not include contemporaneous notes, billing records, and mysteriously cuts off in October 2024 despite Plaintiff's sworn deposition testimony that she was still treating with Ms. Mofield as of February 2026.

On June 2, 2026, Mr. Blackburn told the court that he sent authorizations directly to all medical providers in April and that any delay was due to their policies or lack of follow-through. The Court granted BBW's Motion to Compel Authorizations and expressly directed Plaintiffs to provide Defendants with copies of all medical authorizations sent to providers, along with communications to and from the providers regarding the production of those records, by June 9, 2026. *See* Docket No. 41.

My office has been trying, unsuccessfully for months, to schedule Ms. Mofield's deposition. When it became clear that Plaintiff would not cooperate in voluntarily producing her *friend and co-worker* for a deposition, we tried to serve a valid subpoena at office and home addresses. *See* Affidavit of Non-Service, **Exhibit B**. According to our process server, Ms. Mofield's office address is nothing but a storage locker that she has not used for over 5 years! *Id*. On June 3, 2026, I replied directly to Ms. Mofield's email of June 1, 2026 (with a copy to Mrrs. Blackburn and Diggs) asking if she would voluntarily accept service of a deposition subpoena. She ignored me. On June 5, 2025, I wrote separately to Mr. Blackburn and Mr. Diggs pleading for their cooperation in getting the records and arranging her deposition. Mr. Blackburn responded, stating only that Ms. Mofield was not being called as an expert, the clear implication being that Plaintiff would not voluntarily produce her for deposition. *See* June 5, 2026, Email to Tyrone Blackburn, **Exhibit C**.

Plaintiff has ignored the court-ordered deadline to respond, much like she has ignored our multiple requests for the authorizations and records. She claims to be receiving professional "therapy" from a co-worker whose office address is an empty storage locker. Plaintiff's contumacious behavior has prejudiced my client. We are rapidly reaching the end of discovery. Party depositions have been completed, fact discovery closes in 30 days, expert disclosures are

June 15, 2026
Page 3

due in 45. Discovery has already been extended once at Plaintiff's request and BBW will oppose any further attempt to extend the existing deadlines. This case started with a 300+ paragraph complaint and a publicity push intended to harm my client's reputation. At its core, this is a relatively straight forward case; discovery should not be this hard.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a court to impose sanctions when a party fails to obey an order to provide or permit discovery. Those sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Rule 37 sanctions must rest on violation of a clearly articulated order requiring specified discovery. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). However, once such an order has been violated, "any failure to disclose, regardless of the reason for it, brings the sanctions of Rule 37 into play." *J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025) (quoting 8B Wright & Miller, Federal Practice & Procedure § 2284 (3d ed.)); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

Plaintiff's noncompliance is willful. Plaintiff was plainly on notice of the significance of this discovery and the consequences of continued noncompliance, particularly after BBW's motions and the Court's order compelling production. Plaintiff did not comply with the Court's Order despite representing to the court at the hearing that the authorizations and communications had already been sent. This violation follows months of noncompliance. From February 2026 through the present, Plaintiff has failed to provide authorizations after multiple requests, failed to honor the parties' April 2026 agreement, and failed to produce complete treatment records from Ms. Mofield or to even lift a finger in making Ms. Mofield available for deposition. BBW has repeatedly pursued informal resolution with Plaintiffs, filed two motions to compel, and obtained a direct Order, yet this essential discovery still has not been produced. Plaintiff's conduct throughout the litigation has shown a pattern of disregard for deadlines and the Court's orders. For that reason, further continuances and lesser sanctions are unlikely to bear results.

The prejudice to BBW is concrete and substantial. Plaintiff refuses to provide any records, authorizations, or testimony to support her injury claim, and has ignored multiple requests and even this Court's order to comply. The prejudice is heightened by the approaching close of fact discovery, the deadline for expert reports, and an upcoming independent medical examination. Plaintiff should not be permitted to claim she was treated by providers whose records and testimony were willfully withheld from discovery.

Respectfully submitted,

David S. Osterman

DSO:nlh
cc:     All Counsel of Record