

David S. Osterman | Partner
Direct 609.986.1310 | dosterman@goldbergsegalla.com

June 29, 2026

Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

> **Re:** ***Francois, Renita v. Bath & Body Works, LLC et al.***
> **Case No. 2:25-cv-03725**

Dear Judge Tiscione:

We represent Defendant Bath & Body Works, LLC ("BBW") in this action. On June 15, 2026 BBW filed a motion to preclude testimony relating to treatment from various medical providers Plaintiff claimed had treated her with respect to this matter on the grounds that Plaintiff had willfully disregarded Defendants' request for medical authorizations to obtain medical records, as well as Your Honor's June 2, 2026 Order compelling her to provide the authorizations and her attorney's communications with the providers about the authorizations. [Dkt 44]. BBW's motion sought only to preclude testimony of the providers who allegedly treated Plaintiff and appropriate sanctions under F.R.C.P. 37(b)(2)(A) because of Plaintiff's pattern of obstructing our efforts to investigate her claims. Specifically, we explained the basis for the relief sought as follows:

> *The prejudice to BBW is concrete and substantial. Plaintiff refuses to provide any records, authorizations, or testimony to support her injury claim, and has ignored multiple requests and even this Court's order to comply. The prejudice is heightened by the approaching close of fact discovery, the deadline for expert reports, **and an upcoming independent medical examination.** Plaintiff should not be permitted to claim she was treated by providers whose records and testimony were willfully withheld from discovery.* [Emphasis added].

As described in the supplemental submission by the co-defendant, last week Plaintiff failed to appear for a properly noticed Independent Medical Examination. [Dkt 45]. There can be no argument that Plaintiff wasn't aware of the IME as three different attorneys at two different law firms representing Plaintiff were copied either on the original notice or the confirming emails, or both. Further, as highlighted above, BBW referred to the upcoming IME in its June 15, 2026, motion to preclude. Unfortunately, Plaintiff's failure to appear for the examination cannot be excused as simply a matter of slipping through a scheduling crack. Sadly, it is part of a pattern of her consciously ignoring this case and opposing counsel.

**Please send mail to our scanning center at: PO Box 580, Buffalo NY 14201**

**OFFICE LOCATION** 301 Carnegie Center, Suite 200, Princeton, NJ 08540-6587 | **PHONE** 609-986-1300 | **FAX** 609-986-1301 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | DELAWARE | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA
57626953.v1

Plaintiff's contumacious conduct is offensive to the process and downright disrespectful to the Court and all counsel. Amazingly, she has still not provided the signed authorizations that her attorney says were mailed to the providers in April, authorizations she was ordered to produce to Defendants by June 9th, which are now the subject of a second motion filed on June 15th , a motion to which she has still not deigned to reply. BBW therefore amends its prior sanctions request under Rule 37 to preclude any claim for emotional distress or psychological injury by Plaintiff.

Respectfully submitted,

David S. Osterman

DSO:nlh
cc:     All Counsel of Record