UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENITA FRANCOIS and McEVANS FRANCOIS, <br><br> Plaintiffs, <br><br> -against- <br> BATH & BODY WORKS, LLC, THE PREMIER CANDLE CORPORATION, ABC CORPORATION 1-10, and JOHN and JANE DOES 1-10, <br><br> Defendants. | Case No. 2:25-cv-03725 (GRB)(ST) <br> Declaration of <br> Tyrone A. Blackburn, Esq. <br> In Support of Plaintiffs' Emergency Application to Extend Discovery Deadlines |

I, Tyrone A. Blackburn, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of T. A. Blackburn Law, PLLC, counsel of record for Plaintiffs Renita Francois and McEvans Francois in the above-captioned action. I submit this declaration in support of Plaintiffs' Emergency Application to Extend Discovery Deadlines.

2. I make this declaration based upon my personal knowledge, my review of the case file, email correspondence exchanged between all counsel, communications with treating providers, and my office's direct handling of discovery in this matter.

3. The statements herein are true and correct to the best of my knowledge. Where I describe documents, I refer to true and accurate copies attached as exhibits to this declaration.

<u>DEPOSITION NOTICES AND DEFENDANTS' FAILURES TO PROVIDE RESPONSIVE DOCUMENTS</u>

4. On April 12, 2026, Plaintiffs served Rule 30(b)(6) Notices of Deposition on both Bath & Body Works, LLC ('BBW') and The Premier Candle Corporation ('Premier Candle'), noticed for April 29 and April 30, 2026, respectively. True and accurate copies of these Notices are attached hereto as **Exhibit A** (BBW) and **Exhibit B** (Premier Candle).

5. On April 13, 2026, Premier Candle's counsel, Cameron Kamer, Esq. of Wilson Elser, served a written objection letter raising concerns about the scope of the 30(b)(6) notice and conditioning Premier's appearance on: (1) resolution of all scope disputes; and (2) entry of a stipulated confidentiality/trade secret protective order before the deposition. A true and accurate copy of Premier Candle's April 13, 2026, objection letter is attached hereto as **Exhibit C**.

6. On April 13, 2026, Plaintiffs responded the same day, agreeing to a remote Zoom deposition, confidentiality protections for proprietary material, and proposing May 12, 2026, as a rescheduled deposition date. A true and accurate copy of Plaintiffs' April 13, 2026, response letter is attached hereto as **Exhibit D**.

7. On April 15, 2026, Premier Candle's counsel replied, confirming Premier's corporate representative was available on May 13, 2026 — but only subject to prior entry of a confidentiality/trade secret protective order. Premier Candle never thereafter filed a motion for such an order, never submitted a proposed stipulated order to this Court, and never sought judicial intervention to fulfill its own stated precondition. A true and accurate copy of Premier Candle's April 15, 2026, letter is attached hereto as **Exhibit E**.

8. On April 16, 2026, BBW's counsel, David S. Osterman, Esq. of Goldberg Segalla, sent an email to all counsel <u>expressly committing in writing</u> that BBW "agrees to designate, prepare and produce a corporate representative (via zoom) on May 8, 2026, in response to the Notice." That commitment was confirmed on the record at the April 17, 2026, Court conference, and Plaintiffs relied upon it. A true and accurate copy of the April 16, 2026, email is attached hereto as **Exhibit F**.

9. BBW did not provide any responsive documents for its Rule 30(b)(6) deposition on May 8, 2026, and has never proposed alternative solutions for the missing responsive documents for the Rule 30(b)(6) deposition to date.

10. Premier Candle did not provide responsive documents for its Rule 30(b)(6) deposition on May 13, 2026. No confidentiality/trade secret protective order was entered because Premier Candle never moved for one. The only protective order on this Court's docket — entered via the June 2, 2026, Civil Minute Entry (Dkt. 41) — is BBW's motion limiting the scope of McEvans Francois's discovery requests. It has no bearing on the confidentiality order that Premier Candle demanded as a precondition for its appearance.

11. To date, neither Defendant has produced any substantive documents in response to Plaintiffs' written discovery demands.

<u>PLAINTIFFS' WRITTEN DISCOVERY DEMANDS AND<br>DEFENDANTS' NON-PRODUCTION</u>

12. On March 31, 2026, Plaintiffs served written discovery demands on both BBW and Premier Candle, including Requests for Production of Documents, Interrogatories, and Requests for Admission. A true and accurate copy of those discovery demands is attached hereto as **Exhibit H**.

13. <u>Those demands sought, among other things</u>: the Manufacturing Agreement between BBW and Premier Candle; quality control and safety testing records for the Subject Candle; prior consumer complaints and incident reports; internal communications regarding known defects or hazards; insurance information; and all documents concerning Premier Candle's formulation of the Subject Candle.

14. Both Defendants served written responses replete with boilerplate objections. Neither Defendant has produced a single responsive document. A motion to compel is forthcoming.

15. The failure of Defendants to produce these foundational documents is an independent reason for extending fact discovery: Plaintiffs cannot meaningfully conduct or complete depositions of Defendants' corporate representatives without first receiving the documents that form the predicate for those examinations.

MEDICAL PROVIDER RECORDS:
STATUS AND EXPLANATION OF DELAYS

16. As to Jessica Mofield, LMHC: The parties negotiated a two-step protocol under which Plaintiffs' counsel would obtain and review records, and produce a redacted set limited to treatment pertaining to the injuries claimed in this action. On June 1, 2026, Ms. Mofield transmitted a treatment summary and signed HIPAA authorization directly to Cameron Kamer, Esq. and David Osterman, Esq. by email.

17. As to Dr. Achiamah Osei-Tutu: Any delay in production was caused by Dr. Osei-Tutu's personal schedule — she was on vacation and engaged in medical mission work during the relevant period. Her medical records were signed on June 22, 2026, and produced to defense counsel on or about June 30, 2026.

18. As to Dr. Bijan Setareh-Shenas: Dr. Setareh-Shenas saw Plaintiff Renita Francois on one occasion for a consultation. No additional records exist beyond the short report previously produced. Defense counsel acknowledged in prior correspondence that Dr. Setareh-Shenas was 'not likely to have any records beyond his short report previously produced.'

19. As to Dr. Jennifer Balfour: Dr. Balfour is the only outstanding provider. On July 13, 2026, Dr. Balfour emailed defendants counsel informing them of her knowledge of her obligations to provide them with Plaintiffs medical records. She had been unavailable due to vacation and has represented that her records will be produced within thirty (30) days of this application.

THE JULY 9, 2026, CALENDARING ERROR

20. Counsel's non-appearance at the July 9, 2026, status conference resulted from an internal office calendaring error. The July 9, 2026, appearance was recorded in my office's calendar management system as an opposition filing deadline, not as a court conference requiring physical or telephonic attendance.

21. I accept full and sole responsibility for this calendaring error. Plaintiffs Renita Francois and McEvans Francois did not cause or contribute to this error, did not direct counsel to miss any deadline or court appearance, and bear no fault for what occurred.

22. At the time the Court's Order was entered, I was actively preparing Plaintiffs' opposition papers to Defendants' motions for filing. I was unaware the conference was proceeding at that moment.

23. To the extent my clients are penalized because of this error, I respectfully submit that the sanction should fall on counsel rather than on Plaintiffs, whose case has merit and who have cooperated in discovery throughout this proceeding.

COUNSEL'S TRIAL SCHEDULE AND NEW COUNSEL

24. Plaintiffs' lead trial counsel, Rodney S. Diggs, Esq. of Ivie McNeill Wyatt Purcell & Diggs, has been continuously engaged in back-to-back trials since January 2026, none of which were fully foreseeable when the April 17, 2026, scheduling order was entered. Mr. Diggs is currently engaged in trial expected to conclude on or about July

24, 2026, which has materially limited his availability to assist with discovery, motion practice, and court appearances in this matter.

25. To ensure this matter is properly staffed going forward, Plaintiffs have retained two additional attorneys — Tyrine Aman, Esq. and Brandon Tanter, Esq. of Ivie McNeill Wyatt Purcell & Diggs — who will file pro hac vice applications within fourteen (14) days of the Court's order on this application. Both attorneys have already been introduced to defense counsel.

DEFENDANTS' REFUSAL TO STIPULATE

26. On July 10, 2026, Ms. Aman emailed both defense teams requesting a stipulated extension of the discovery deadlines and attaching a proposed revised scheduling order. A true and accurate copy of that correspondence and Defendants' responses is attached hereto as **Exhibit G**.

27. On July 13, 2026, Premier Candle's counsel advised that his client was 'not inclined to agree to any further extensions.' BBW's counsel responded: 'That is our position as well.' Neither Defendant identified any specific prejudice that would result from an extension. This application was filed as an emergency only after those refusals made judicial intervention unavoidable.

RELIEF REQUESTED

28. Plaintiffs respectfully request that the Court grant the following relief: (1) a forty-five (45) day extension of the fact discovery deadline to August 28, 2026, with corresponding adjustments to all remaining deadlines; (2) an order directing Defendants to produce their Rule 30(b)(6) corporate representatives within that extended period; (3) an order directing Defendants to cure their outstanding document production deficiencies, or setting a briefing schedule for Plaintiffs' forthcoming motion to compel; (4) a directive that the parties meet and confer within seven (7) days regarding a stipulated confidentiality/trade secret protective order for Premier Candle's manufacturing information; and (5) such other and further relief as the Court deems just and proper.

Plaintiffs are prepared to comply with a firm deadline set by the Court and understand that the Court may impose appropriate conditions on any extension granted. Plaintiffs have not sought this extension for delay. No trial date has been set in this action, and granting the requested extension will not prejudice any party.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 13, 2026, in Brooklyn, New York.

EXHIBIT INDEX

- Exhibit A:  Plaintiffs' Rule 30(b)(6) Notice of Deposition to BBW (April 12, 2026).
- Exhibit B:  Plaintiffs' Rule 30(b)(6) Notice of Deposition to Premier Candle (April 12, 2026).
- Exhibit C:  Premier Candle's Objection Letter (April 13, 2026).
- Exhibit D:  Plaintiffs' Response to Premier Candle's Objection, Proposing May 12, 2026, Deposition Date (April 13, 2026).
- Exhibit E:  Premier Candle's Counter-Response Confirming Conditional Availability on May 13, 2026 (April 15, 2026).

Exhibit F:  BBW's April 16, 2026, Written Commitment to Produce Rule 30(b)(6) Corporate Representative on May 8, 2026.

- Exhibit G:  Plaintiffs' July 10, 2026, Stipulation Request and Defendants' Refusals (July 13, 2026).
- Exhibit H:  Plaintiffs' Written Discovery Demands to BBW and Premier Candle (March 31, 2026).

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 13, 2026, in Brooklyn, New York

/s/ *Tyrone A. Blackburn*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, New York 11236-4160
(347) 342-7432
tblackburn@tablackburnlaw.com
Attorney for Plaintiffs