# EXHIBIT "H"

## Kamer, Cameron

| | |
|---|---|
| **From:** | Tyrone Blackburn <tblackburn@tablackburnlaw.com> |
| **Sent:** | Friday, June 5, 2026 12:29 PM |
| **To:** | Osterman, David S. |
| **Cc:** | Rodney S. Diggs; Alexandria K. Feather; Tyrine S. Aman; Baiocco, Joseph C.; Kamer, Cameron; Hansen, Nicholas L.; Ashley, Anna; O'Grady, Carly A. |
| **Subject:** | Re: Fw: Treatment Summary R. Francois |

EXTERNAL EMAIL - This email originated from outside the organization.

Ms. Modield is not our expert. We will provide an updated Rule 26 disclosure. I am on a flight right now, landing in 7 hours. At that time, I'll send over the new Rule 26.

Tyrone A. Blackburn, Esq. T. A. Blackburn Law, PLLC. Office: (347) 342-7432 Email: tblackburn@tablackburnlaw.com Web: www.tablackburnlaw.com The Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, covers this electronic mail message. The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, dissemination, or other use of this information, or taking any action upon it, by persons or entities other than the intended recipient is prohibited by law. It may subject them to criminal or civil liability. If you received this communication in error, please contact me immediately (by return email or by phone at 347.342.7432) and delete it from any computer or network system.

On Fri, Jun 5, 2026, at 9:26 AM, Osterman, David S. <dosterman@goldbergsegalla.com> wrote:

> Counsel,
>
> I write one final time to request your cooperation in arranging Ms. Mofield's deposition. We have made multiple requests that plaintiffs have consistently ignored. We have also tried unsuccessfully to serve Ms. Mofield with a subpoena ourselves at the address previously provided because you would not cooperate.  Unfortunately, the address does not appear to be valid.  We have a discovery end date approaching as well as a deadline for service of expert reports that has already been pushed back once.  As you know, the court's rules require a heightened standard of good cause for any further delays, which obviously does not exist in this situation.  Your failure to cooperate is causing us to expend costs unnecessarily and you are leaving us with no choice but to seek relief from the court.  The records provided by Dr. Mofield the night before the conference last week are quite incomplete.  For example, it does not include any contemporaneous notes (your client testified that Ms. Mofield regularly takes notes during their sessions), nor billing records (your client testified that she routinely sends her bills for their sessions), nor does it include any reference to treatment past October, 2024  even though in February your client testified that she treated with her **through the end of 2025**. We are entitled to those records. We are aware that plaintiff and Ms. Mofield are long time work colleagues and that Ms. Mofield currently works in the Mayor's office to prevent gun violence. We do not wish to involve the Corporation Counsel's office in an effort to compel her deposition given that Ms. Mofield's "therapy" practice appears to be a bit of a side job.  We assume that your client can easily ask Ms. Mofield to cooperate.  As you know, your client is scheduled to be evaluated in an Independent Medical Exam in the near future, which is part of the reason we need your cooperation to get these authorizations and to