

David S. Osterman  |  Partner
Direct 609.986.1310  |  dosterman@goldbergsegalla.com

August 4, 2026

Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      **Re:** ***Francois, Renita v. Bath & Body Works, LLC et al.***
           **Case No. 2:25-cv-03725**

Dear Judge Tiscione:

I represent defendant Bath & Body Works, LLC ("BBW") in this matter. Please accept this letter in lieu of a more formal response to Plaintiff's Supplemental Memorandum to her Motion for Extension of Time to Complete Discovery, ECF No. 57.

On a personal note, I begin by extending my best wishes to Mr. Blackburn. My client and I are aware that Mr. Blackburn has cultivated a well-documented public reputation for handling high-profile cases against celebrities and large institutions and for being an aggressive litigator. I have communicated with him for more than two years in connection with this case, and all of our conversations have been entirely professional and civil. I genuinely hope for his continued well-being.

However, this does not change the legal analysis of the pending motions. At no point during the pendency of this case did Mr. Blackburn, Mr. Diggs, or anyone at Mr. Diggs's office indicate that they would have difficulty complying with the discovery plan that they both negotiated back in December and that was extended for 60 days at their request in April. As the Court is well aware, before discovery expired, Plaintiff never brought any such issues to the attention of the Court or the Defendants. To the contrary, in word and in deed, Mr. Blackburn continuously demonstrated an intention to zealously represent his clients throughout the discovery period.

Mr. Blackburn now claims that good cause exists to reopen discovery because of his temporary inability to practice law during the time discovery was open in this case. He points to the fact that he submitted letters to the Federal Court in the District of New Jersey selectively withdrawing from five pending cases on December 3, 2025 due to personal and medical issues.[1] First, it is important to note that neither Mr. Blackburn nor Mr. Diggs are seeking to withdraw as counsel in this case. Mr. Blackburn states that now all counsel are ready to proceed with zealous

---

[1] As of December 2025, Plaintiff was counsel of record in at least three other cases in the District of New Jersey. *Braithwaite v. Talavera*, Case No. 2:24-cv-8910 (D.N.J. filed Sept. 3, 2024); *Gardner v. Combs*, Case No. 2:24-cv-7729 (D.N.J. filed July 12, 2024); *Roque v. Venetian Care*, Case No. 3:23-cv-20659 (D.N.J. filed Sept. 25, 2023).

301 Carnegie Center, Suite 200, Princeton, NJ 08540-6587  |  609-986-1300  |  609-986-1301  |  **www.goldbergsegalla.com**

CALIFORNIA | CONNECTICUT | DELAWARE | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

58159752.v1

August 4, 2026
Page 2

representation. Second, Mr. Blackburn never actually withdrew as counsel of record in those five cases and continuously litigated them from December 2025 through this day.[2] Indeed, the dockets on these cases indicate that he made at least 31 appearances or filings during that timeframe. Notably, twelve of these occur in the ultra high-profile case of *Gardener v. Combs*, involving rapper Sean "P. Diddy" Combs, which is one of the cases where he did *not* file the December 3, 2025 withdrawal letter.

The *Braithwaite* case is another case in which he did not file the December 3, 2025 withdrawal letter. His strategies and tactics in that case are strikingly similar to those employed in this case and should give any court significant pause before accepting his representation that things will be different going forward. On January 2, 2026, Mr. Blackburn moved for an eleventh-hour discovery extension, just 3-days prior to the close of fact discovery. Motion for Extension of Time to Complete Discovery, *Braithwaite*, Case No. 2:24-cv-8910 (D.N.J. Jan. 2, 2024). According to that defendant's July 18, 2026 letter to the court, discovery was extended again in May, this time to accommodate alleged mediation efforts, and the parties agreed to a June 23, 2026 deposition of plaintiff to facilitate those settlement discussions, which was ordered to take place no later than July 31. Letter from A. Dvorak, *Braithwaite*, Case No. 2:24-cv-8910 (D.N.J. July 18, 2024). When Plaintiff and Mr. Blackburn failed to appear for the deposition, the Defendant filed a letter motion. *Id.* On July 20, 2026, Mr. Blackburn submitted opposition claiming that he did not see Plaintiff's email regarding the deposition in time and that by the time he learned about it he had "boarded a flight to San Diego, California" to attend his nephew's Marine Corps promotion. Letter from Tyrone Blackburn, *Braithwaite*, Case No. 2:24-cv-8910 (D.N.J. July 20, 2024).

While BBW was not previously aware of Mr. Blackburn's December filing in the District of New Jersey, we were aware of Mr. Blackburn's January 5, 2026 letter to the Court in this case explaining that he failed to attend the initial case management conference earlier that morning because of the tragic death of his cousin. Significantly, Mr. Blackburn closed that letter saying, "I remain fully committed to diligently prosecuting this action on behalf of my clients and complying with all Court orders and deadlines going forward." ECF No. 18.

At no point during the pendency of this case did Mr. Blackburn indicate that he could not or would not comply with "all Court orders and deadlines going forward," nor did it ever appear that he was medically incapacitated from the practice of law. Indeed, the evidence is that he was actively filing new cases on behalf of existing and new clients *as well as on his own behalf* during this time.

BBW asks the Court to take judicial notice of the following pleadings filed by Mr. Blackburn after entry of the discovery order in this matter:

- *Moyle v. UPS*, Case No. 1:26-cv-706 (E.D.N.Y. filed Feb. 9, 2026);
- *Nantongo v. Charles*, Case No. 1:26-cv-1769 (E.D.N.Y. filed Mar. 25, 2026);

---

[2] *Kertesz v. Colony Tire*, Case No. 2:24-cv-8419 (D.N.J. filed Aug. 12, 2024); *Kertesz v. Colony Tire I*, Case No. 2:20-cv-12364 (D.N.J. filed Sept. 4, 2020); *Fred v. American Honda Motor Co.*, Case No. 2:25-cv-17979 (D.N.J. filed Nov. 26, 2025); *Yewaisis v. Union County Savings Bank*, Case No. 2:25-cv-1536 (D.N.J. filed Feb. 27, 2025); *Hidlebrandt v. Siparadigm Diagnostics Informatics*, Case No. 2:24-cv-265 (D.N.J. filed Jan. 17, 2024).

August 4, 2026
Page 3

- *The Venitian Care & Rehab. Ctr.*, Case No. 2:26-bk-14510, (United States Bankruptcy Court, New Jersey, filed Apr. 23, 2026);
- *Christman v. Shapiro*, Supreme Court of New York, Kings County, Index No. 520111/2026 (filed May 29, 2026);
- *Blackburn v. Tacopina*, Supreme Court of New York, Kings County, Index No. 523539/2026 (filed June 26, 2026);
- *Blackburn v. EHM Productions, Inc. et al.*, Supreme Court of New York, Kings County, Index No. 523929/2026 (filed June 26, 2026).

BBW respectfully submits that these are not the actions of someone who is unable to practice law. These filings were made shortly before and shortly after Plaintiff failed to appear for the Defendants' depositions and shortly before and shortly after the filing of these pending motions.

Mr. Blackburn's submission graciously, albeit strategically, attempts to accept all responsibility for Plaintiffs' lack of diligence while exonerating his co-counsel. He is not, however, the only attorney representing Plaintiff in this case. My office has dealt with both Mr. Diggs and Mr. Blackburn since September 2024. See Exhibit F to BBW's Opposition, ECF No. 55. Mr. Diggs is a well-known and highly accomplished trial lawyer. Counsel consistently represented to us that Mr. Diggs and his firm were lead trial counsel in this matter. Mr. Diggs's first email to me in September 2024 copied his colleague Tyrine Aman. Id. After suit was filed in 2025, I conducted the initial Rule 26 conference in December with Mr. Diggs. His office prepared and served Plaintiffs' discovery responses and drafted Plaintiff's discovery requests to BBW. See February 26, 2026 Email from Diggs to Osterman, attached hereto as Exhibit A. I met and conferred with his office about my request to amend BBW's answer to assert an arbitration defense. He defended his clients' depositions in February and appeared for a settlement conference with the Court in March. At Mr. Diggs's direction, my office routinely copied Mr. Diggs and several of his colleagues, including Tyrine Aman, on communications about this case. See March 24, 2026 Email from Diggs to Kamer, attached hereto as Exhibit B. Each was copied on communications about Plaintiffs' discovery deficiencies underlying the pending motions, including Plaintiff's delays in providing medical authorizations, failures to appear for depositions, and failure to appear for a scheduled psychiatric examination. Mr. Diggs and his office did not merely receive emails from defense counsel; they also received ECF notices from the Court concerning multiple motions filed by Defendants because of these deficiencies. The active involvement of multiple attorneys, each regularly notified of the discovery deficiencies, is fatal to any argument that good cause exists for a complete discovery do-over.

Finally, for all of the reasons set forth in our prior moving papers, reopening discovery is unwarranted and unfair to my client. Plaintiffs' recent submission does not change or even substantively address that issue. Reopening fact discovery would substantially prejudice Defendants by forcing them to duplicate work and expenses already incurred. Defendants have devoted significant attorney time and resources to written discovery, depositions, motion practice, and repeated efforts to secure Plaintiffs' compliance in order to keep discovery in this case on track in accordance with the Court's scheduling order. A renewed discovery period would require witnesses and counsel to revisit matters already investigated, prepare again for proceedings that should have been completed, and incur additional fees. It would also delay expert discovery,

August 4, 2026
Page 4

dispositive motions, and ultimate resolution of the action, while depriving Defendants of the finality and orderly progression that the Court's schedule was designed to provide. Plaintiffs should not be permitted to transfer the consequences of their own lack of diligence to Defendants by obtaining, at Defendants' expense, a second opportunity to pursue discovery they had ample time and multiple extensions to complete.

BBW therefore respectfully requests that the Court decline to reopen fact discovery and direct the parties to proceed immediately to expert disclosures and discovery, followed by dispositive motions, in accordance with the January 5, 2026 scheduling order to which Mr. Blackburn affirmed that he was "fully committed to diligently prosecuting this action on behalf of my clients and complying with all Court orders and deadlines going forward." ECF No. 18.

Respectfully submitted,

David S. Osterman

DSO:nlh
Encl.
cc:     All Counsel of Record (*via ECF)*