# T.A. Blackburn Law, PLLC

1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Tel: (347) 342-7432 · Tblackburn@Tablackburnlaw.Com

August 6, 2026

Via Ecf
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

Re:    Francois, Et Al. V. Bath & Body Works, LLC, Et Al.
No. 2:25-Cv-03725-Grb-St
Plaintiffs' Reply in Advance of The August 6, 2026, Conference

Dear Judge Tiscione:

I write briefly, in advance of this morning's conference, to correct a single factual mischaracterization in defendants' August 4, 2026, submissions (dkt. nos. 58, 59). This reply is confined to that correction and does not reargue the sealed submission or expand its scope.

Defendants contend that new lawsuits I filed in late June 2026 — including the defamation actions against Joseph Tacopina, Reed Smith LLP, and EHM Productions — are "not the actions of someone unable to practice law" and therefore refute the personal circumstances described in the sealed submission. That inference does not follow from the record. Those complaints were drafted in December 2025 — months before the relevant discovery deadlines in this case — in anticipation of the dismissal of a criminal indictment then pending against me. The filings occurred in late June 2026 not because of any renewed capacity, but because the criminal proceeding, and the accrual of the underlying claims, dictated the timing entirely outside my control.

The chronology is straightforward. After receiving the criminal discovery in late 2025, I prepared the complaints, along with my Defense counsel, in anticipation of a dismissal the arraigning court signaled it would enter in late January 2026. The matter was then reassigned, and the decision was adjourned to March 20, 2026, and again to May 26, 2026, when the first indictment was dismissed. A second grand jury returned a no true bill on June 18, 2026, of which I was notified on June 22, 2026. Facing an imminent limitations bar (June 25, 2026), I filed the previously completed complaints within days. In short, the late-June filing dates reflect a statutory deadline and a criminal calendar I did not set—not a demonstration that I was able to conduct the depositions or discovery at issue here weeks earlier.

The distinction matters. filing a pleading finished six months earlier, on a clock driven by events beyond one's control, is not evidence of the day-to-day capacity that defendants ask the court to infer. Nor does it bear on the discrete periods, tied to specific deposition dates, when I was in fact unable to appear. I do not ask the court to accept that I was incapable of all professional activity at all times; I ask only that the record be read for what it is — consistent with an episodic condition, not a refutation of one.

I respectfully submit that this clarification, together with the sealed submission and the accompanying declaration, supports the narrow, good-faith relief requested. I remain prepared to proceed on an expedited and bounded schedule and to address any prejudice defendants identify. I look forward to discussing the same with the court this morning.

Respectfully Submitted,

*/S/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, Pllc
Attorney For Plaintiffs

Cc:    All Counsel of Record (Via Ecf)