IMW
IVIE McNEILL WYATT
PURCELL & DIGGS

**Rodney S. Diggs, Esq.**
Email: rdiggs@imwlaw.com
www.imwlaw.com

November 24, 2026

Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, NY 112201

**Re:** Plaintiffs' Motion for Reconsideration of the Court's Order (Dkt. 48) Precluding Testimony and Evidence Pursuant to FRCP 60(b) and the Court's August 6, 2026 Order (Dkt. 64)
**Case Name:** **Francois v. BBW, et al.**
**Case No.:** **2:25-cv-03725**

Dear Honorable Judge Tiscione:

Plaintiffs move this Court to reconsider and vacate its prior Order (Dkt. 48) precluding Plaintiffs under Fed. R. Civ. P. 37(b)(2)(A) from introducing testimony or evidence related to treatment by Ms. Jessica Mofield, Dr. Jennifer Balfour, Dr. Bijan Setareh-Shenas, and Dr. Achiamah Osei-Tutu, and from introducing testimony or evidence related to documents not produced in compliance with the Court's April 17, 2026 and June 2, 2026 Orders, together with the related adverse inference. This motion is brought as expressly authorized by the Court's August 6, 2026 Order (Dkt. 64), which permits Plaintiffs to refile a Motion to Reconsider the preclusion order once they have diligently completed all previously deficient discovery obligations.

In its August 6, 2026 Order, the Court denied Plaintiffs' prior request to expedite reconsideration of Docket 48 "at this time," and stated that if Plaintiffs diligently complete all previously deficient discovery obligations and pay all of the defense costs the Court has awarded, Plaintiffs may refile a motion to reconsider the Court's prior order precluding testimony and imposing an adverse inference. Plaintiffs have done what the Court required. Every previously deficient discovery obligation identified by the Court has now been remedied. The only item that remains open is the payment of defense costs, and that item is not open because of any refusal to pay. It is open because the amount of those costs is disputed and is the subject of motion practice now pending before this Court. Further, payment is not against Plaintiffs, it is attributed to Plaintiffs former Counsel, only.

The preclusion order in Dkt. 48 is a severe sanction. It bars Plaintiff Renita Francois from presenting testimony and evidence from four of her treating providers including her therapist,

Ms. Jessica Mofield (who has since been deposed following the Court's Dkt. 48 Order); her primary care physician, Dr. Jennifer Balfour; and her two dermatologists, Dr. Bijan Setareh-Shenas and Dr. Achiamah Osei-Tutu. Those providers document the burn scarring, hyperpigmentation, and psychological trauma at the heart of this product liability case. The case simply cannot be justly made on the part of Plaintiff Renita Francois without the testimony and records of her treating providers for her physical and mental injuries – this case stems from severe physical injury. A sanction of that magnitude, imposed to ensure compliance with discovery orders, has served its purpose once compliance is achieved. Continuing it now would no longer secure compliance - it would only punish Plaintiffs, who bear no responsibility for the discovery failures of their former Counsel because of personal life tragedies, by stripping them of the core of their case.

Reconsideration is warranted on three independent grounds: (1) the Court's own directive in Docket 64, whose conditions have been satisfied by Plaintiffs specifically; (2) Federal Rule of Civil Procedure 60(b), including Rule 60(b)(6) and, alternatively, Rule 60(b)(1); and (3) the Court's inherent authority under Rule 54(b) to revise an interlocutory order before final judgment when justice requires.

## I. SUMMARY/PROCEDURAL HISTORY

This is a product liability action arising from the January 19, 2023 explosion/combustion of a Bath & Body Works "Sweater Weather" candle that splattered onto Plaintiff Renita Francois' face and upper body and caused severe injury. Plaintiffs' burn surgery expert is expected to testify that Mrs. Francois sustained mixed deep second degree burns to her face, eyes, and right arm involving approximately a significant portion of her total body surface area, that she will have permanent discoloration, and that she may continue to require psychotherapy for burn-related anxiety, depression, and post-traumatic stress.

The four providers subject to Docket 48 are central to those damages. Dr. Balfour is Mrs. Francois's primary care physician, who monitored the physical and psychological sequelae of her burns and referred her to specialists, and Accurate Dermatology, including Dr. Setareh, diagnosed post-inflammatory hyperpigmentation of the face secondary to the candle burn and recommended fractional CO2 laser therapy. Dr. Osei-Tutu treated Mrs. Francois's hyperpigmentation beginning in or about June 2024, and Ms. Mofield treated her from in or about February 2023 for adjustment disorder with mixed anxiety and depressed mood and post-traumatic stress disorder.

On June 2, 2026, the Court ordered Plaintiffs to provide Defendants with copies of all medical authorizations sent to providers and related provider communications by June 9, 2026, to provide the supplemental responses discussed at the April 17, 2026 conference by June 12, 2026, and to respond to Defendant Premier's Second Request for Production by June 12, 2026. Thereafter, the Court entered Docket 48, which provides that "Plaintiffs are precluded under Fed. R. Civ. P. 37(b)(2)(A) from introducing testimony or evidence related to any alleged treatment from Ms. Jessica Mofield, Dr. Jennifer Balfour, Dr. Bjan, Setareh-Shenas, and Dr. Achiamah Osei-Tutu. Plaintiffs are also precluded from introducing testimony or evidence related to any documents that they failed to produce in violation of the Court's April 17, 2026 and June 2, 2026 Orders." (Dkt. 48).

The record before the Court explains how those failures occurred. Plaintiffs' former New York Counsel, has declared under penalty of perjury that he bore day-to-day responsibility for

this litigation, that he was medically incapacitated during the relevant period  and was experiencing serious personal tragedy. He further declared that it was the understanding of the handling attorneys at and Ivie McNeill Wyatt Purcell & Diggs that he had already taken care of certain discovery obligations and complied with certain orders, that the firm was not privy to his discussions and agreements with defense counsel, and that the firm learned of the outstanding discovery issues and the scheduling of the IME and depositions only through Defendants' motions that led to the July 9, 2026 hearing. Mr. Blackburn never asked Mr. Diggs' office for assistance with the discovery at issue, depositions, or the IME.

On August 6, 2026, the Court granted Mr. Blackburn's oral motion to withdraw and terminated him as counsel of record, extended all discovery deadlines by 45 days, ordered Plaintiffs to remedy all prior discovery violations at issue within the Motions, ordered Mr. Blackburn to pay Defendants' reasonable costs and fees incurred as a direct result of the discovery violations, and expressly invited a renewed motion to reconsider the preclusion order upon compliance. This Motion is the result of the Court's permissive directive.

## II. <u>ANALYSIS</u>

### <u>Plaintiffs Have Remedied Every Prior Discovery Deficiency</u>

Since the Court's August 6, 2026 Order, Ivie McNeill Wyatt Purcell & Diggs has assumed day-to-day responsibility for this case and has cured each of the deficiencies the Court identified. Among other things, Plaintiffs have produced the records of Ms. Mofield, Dr. Balfour, Dr. Setareh-Shenas, and Dr. Osei-Tutu, together with the medical authorizations and provider communications required by the June 2, 2026 Order, and have served the supplemental responses required by the April 17 and June 2, 2026 Orders and responses to Premier's Second Request for Production. Plaintiffs served supplemental interrogatory responses to Premier. Plaintiffs' Counsel has also worked cooperatively with defense counsel to schedule and proceed with Premier's Rule 30(b)(6) deposition. Depositions of Plaintiff's experts are also scheduled for November 20, 2026, December 3, 2026. Bath & Body Works' Rule 30(b)(6) corporate representative has since appeared for deposition. Plaintiff Renita Francois's independent medical examination (IME) has also now been completed.

### <u>The Only Open Item Is the Disputed Amount of Defense Costs Awarded Against Mr. Blackburn</u>

The Court ordered payment of reasonable costs and fees incurred by Defendants as a direct result of the discovery violations, including the two missed corporate depositions, the missed IME, and the related motion practice. Those costs flow from the conduct of Mr. Blackburn individually, and the cost sanction runs against Mr. Blackburn. The amount of those costs is disputed and is the subject of motion that Mr. Blackburn intends to file forthwith. Mr. Blackburn is actively working to obtain an order fixing the exact amount owed so that payment can be made in full. However, Plaintiffs and Defense Cousnel should not be stalled until full resolution of this issue to ensure the matter continues to be litigated efficiently and with the known universe of information, records, and testimony that is available to the Parties without having to speculate whether it is admissible or not.

The Court's August 6, 2026 Order set out a clear path. If Plaintiffs diligently complete all

previously deficient discovery obligations and pay the defense costs the Court has awarded, Plaintiffs may refile a Motion to Reconsider the order precluding testimony and imposing an adverse inference. The first condition is fully satisfied. Every deficiency the Court identified has been cured, and Ivie McNeill Wyatt Purcell & Diggs, as the firm now responsible for the case, has fully complied with every directive in Docket 64.

The second condition is substantially satisfied and is being completed in good faith. The cost award cannot be paid until its amount is determined, and that determination is presently before the Court. Plaintiffs should not be held in a preclusion order indefinitely because of a dispute over the dollar amount of a cost award owed by former counsel personally, particularly when that dispute is being actively litigated and an order fixing the amount is being sought. Substantial compliance has been achieved as to Plaintiffs, and full compliance has been achieved by Plaintiffs' current counsel. The purpose of the Court's conditions, which was to ensure the discovery was completed and Defendants were made whole, has been served or will be served the moment the Court fixes the amount. Plaintiffs respectfully request that the Court grant reconsideration now, or, at minimum, grant reconsideration effective upon payment of the amount the Court fixes.

**<u>FRCP 60(b) Authorizes Relief</u>**

Rule 60(b)(6) authorizes a court to grant relief for "any other reason that justifies relief," and it is a "grand reservoir of equitable power to do justice in a particular case." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). That power requires a showing of extraordinary circumstances. Id. All Rule 60(b) motions must be brought within a reasonable time, and motions under clauses (1) through (3) must also be brought within one year. *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). This motion is timely under either measure because it is brought well within one year of Docket 48, and promptly upon Plaintiffs' completion of the discovery the Court required.

Plaintiffs, a burn victim and her husband, did nothing to cause the discovery failures, and the firm now handling their case acted the moment it learned of them. Plaintiffs recognize that Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, so that conduct fairly classified as mistake, inadvertence, or neglect falls under Rule 60(b)(1). *Stevens*, 676 F.3d at 67. To the extent the Court views the underlying failures as neglect rather than extraordinary circumstances, relief is independently warranted under Rule 60(b)(1). Any neglect was excusable because it arose from former counsel's documented incapacity, was concealed from co-counsel, has been fully cured, and was promptly remedied once discovered. This motion is brought within one year of Docket 48, so it is timely under Rule 60(b)(1) as well.

**<u>The Court Has Inherent Authority to Revise Its Interlocutory Preclusion Order</u>**

Docket 48 is an interlocutory discovery order. "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). So long as the court has jurisdiction over the case, "it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *Id.* No judgment has been entered, no trial date has been set, and discovery remains open under the schedule extended in Docket 64. Revising the preclusion order now is consonant with justice. Therefore, the Court should reverse its previous discovery preclusion

orders, including an adverse inferences that may be drawn.

In evaluating Rule 37 sanctions, courts in this Circuit consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302-03 (2d Cir. 2009). Each factor now weighs against continued preclusion.

First, the reason for noncompliance was former counsel's incapacity and personal tragedy, not any willful choice by Plaintiffs or by Ivie McNeill Wyatt Purcell & Diggs. Second, lesser sanctions have already proven effective: the monetary sanction and the Court's directives in Docket 64 produced full compliance, and the cost award will make Defendants whole once its amount is fixed. Third, the period of noncompliance has ended. Fourth, Plaintiffs heeded the Court's warning in Docket 64 and did precisely what the Court required. A preclusion sanction designed to compel compliance has no remaining work to do once compliance is achieved.

Defendants will suffer no prejudice from vacatur. They now have the records of all four providers, discovery remains open, and no trial date has been set. Defendants have every opportunity to test that evidence through deposition and expert discovery. By contrast, continuing the preclusion would deprive Plaintiffs of the testimony of the very providers who treated Mrs. Francois's burn scarring and trauma, a result that would determine damages on the basis of former Counsel's personal matters rather than on the merits.

## III. <u>CONCLUSION</u>

Plaintiffs have done what the Court asked. The discovery deficiencies have been remedied, current counsel has fully complied with Docket 64, and the only remaining item, payment of a cost award against former counsel whose amount is still being determined, is being pursued in good faith. For these reasons, Plaintiffs respectfully request that the Court grant reconsideration and vacate Docket 48 in its entirety, including the preclusion of testimony and evidence related to treatment by Ms. Jessica Mofield, Dr. Jennifer Balfour, Dr. Bijan Setareh-Shenas, and Dr. Achiamah Osei-Tutu, the preclusion of evidence related to documents produced after the April 17, 2026 and June 2, 2026 Orders, and the related adverse inference.

Date: November 24, 2026 **IVIE McNEILL WYATT PURCELL & DIGGS**

By: */s/ Rodney S. Diggs*

**RODNEY S. DIGGS, ESQ.**
**LAURA JAMES, ESQ.**
**BRANDON R. TANTER, ESQ.**
**TYRINE S. AMAN, ESQ.**
Attorneys for Plaintiffs,
**RENITA FRANCOIS and**
**McEVANS FRANCOIS**